```
               IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII


ANDREW PUNG, ANDY'S CAR        ) CIVIL NO. 05-00618 DAE-KSC
CARE SERVICE, INC., RICKY      )
Y. YAMASAKI ENTERPRISES,       ) FINDINGS AND
INC., on their own behalf      ) RECOMMENDATION TO GRANT
and on behalf of all others    ) DEFENDANTS' MOTION FOR
similarly situated,            ) ATTORNEYS' FEES
                               )
             Plaintiffs,       )
                               )
     vs.                       )
                               )
TRUSTSTREET PROPERTIES,        )
INC., a Maryland               )
corporation; FUEL SUPPLY,      )
INC., a Texas corporation;     )
USRP (SARAH), LLC; USRP        )
(BOB), LLC; USRP (FRED),       )
LLC; all Texas limited         )
liability companies; CNL       )
APF PARTNERS, L.P., a          )
Delaware limited               )
partnership; USRP MANAGING,    )
INC.; JOHN DOES 1-10; JANE     )
DOES 1-10; DOE PARTNERSHIPS    )
1-10; DOE CORPORATIONS 1-      )
10; DOE LIMITED LIABILITY      )
COMPANIES 1-10; DOE            )
GOVERNMENTAL UNITS 1-10;       )
and DOE ENTITIES 1-10,         )
                               )
                               )
             Defendants.       )
_____)
```

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION
FOR ATTORNEYS' FEES

On November 17, 2006, Defendants Truststreet Properties, Inc., Fuel Supply, Inc., USRP (Sarah), LLC, USRP (Bob), LLC, USRP (Fred), LLC, CNL APF Partners, L.P., and USRP Managing, Inc. ("Defendants") filed a Motion for Award of Attorneys' Fees ("Motion"). Pursuant to Federal Rule of Civil Procedure ("Rule") 54(d)(2)(D) and Local Rule 53.1 of the Local Rules for the United States District Court for the District of Hawaii ("Local Rules"), this matter was designated to this Court by United States District Judge David Alan Ezra. Pursuant to Local Rule 7.2(d), the Court finds this Motion suitable for disposition without a hearing.

Defendants, as the prevailing party in this action, request $36,651.00 in attorneys' fees plus general excise taxes of $1,524.69, for a total award of $38,175.68. On November 28, 2006, Plaintiffs Andrew Pung and Andy's Car Care Service, Inc. ("Pung Plaintiffs") filed an Opposition to Defendants' Motion

for Award of Attorneys' Fees ("Opposition").  On December 8, 2006, Defendants filed a Reply in Support of Its Motion for Award of Attorneys' Fees ("Reply").

### Background

Plaintiffs Andrew Pung, Andy's Car Care Service, Inc., Ricky Y. Yamasaki, and Ricky Yamasaki Enterprises, Inc. ("Plaintiffs"), former sub-lessees of Defendants' gasoline service station properties, filed a class action complaint ("Complaint") alleging that the amount of rent paid by Plaintiffs pursuant to leases between Plaintiffs and Defendants exceeded the maximum amount of rent allowed under Hawaii Revised Statute ("HRS") § 486H-10.4.

On October 26, 2006, the following stipulations were filed: (1) Stipulation for Dismissal with Prejudice of Claim for Certification of Class Action and (2) Stipulation for Dismissal with Prejudice of all Claims by Plaintiffs by Ricky Y. Yamasaki and Ricky Yamasaki Enterprises, Inc.  On November 2, 2006, Judge Ezra issued an Order Granting Defendants' Motion for Summary Judgment, and found that since there was no

renewal of the lease between the Pung Plaintiffs and Defendants, the lease rent caps set forth in HRS § 486H-10.4 were inapplicable.  On November 3, 2006, judgment was entered in favor of Defendants.

## Analysis

Under the "American Rule," each party is generally responsible for paying for his or her own litigation expenses.  See Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598, 602 (2001).  As a result, a party does not recover attorneys' fees merely because it prevails in litigation.  To recoup attorneys' fees, the award of fees must be explicitly authorized by statute or other legal authority.  See Stanton Road Association v. Lohrey Entertainment, 984 F.2d 1015, 1018 (9th Cir. 1993).  Local Rule 54.3© requires a party seeking recovery of attorneys' fees to specify the applicable judgment and statutory or contractual authority entitling it to attorneys' fees and non-taxable expenses.

Defendants argue that as the prevailing party, they are entitled to attorneys' fees pursuant to HRS § 607-14, which allows for recovery of fees for actions in the nature of assumpsit, including fees incurred in defending against claims for violation of HRS § 486H-10.4 and § 486H-11, for class certification and unjust enrichment. See HRS § 607-14.  Defendants argue that the Plaintiffs' allegations of lease rent overcharges necessarily arise from the parties' contractual and quasi-contractual agreements for operation of gasoline service stations on properties owned by Defendants.  In particular, Defendants assert that Plaintiffs' claims arise from subleases between BC Oil and Plaintiffs. Defendants were the master lessors of those leases. Therefore, Defendants argue that Plaintiffs' claims and allegations are based on matters in the nature of assumpsit, and Defendants are entitled to attorneys' fees pursuant to HRS § 607-14.  Additionally, Defendants argue that since no monetary judgment was entered in this case, they are entitled to the full amount of their fees.

In their Opposition, Pung Plaintiffs argue that the claims they made in their Complaint arise out of an alleged violation of statute, not out of an alleged violation of contract.  Pung Plaintiffs rely on TSA International, Ltd. v. Shimizu Corp., 990 P.2d 713 (Haw. 1999) for the proposition that the mere fact that Plaintiffs' statutory claim related to a contract between the parties does not render it an action in the nature of assumpsit.  Pung Plaintiffs maintain that in this case, the basis of Plaintiffs' claims is that the lease contract violated a Hawaii statute.  Thus, Pung Plaintiffs argue that if the statute did not exist, then they would have no claim.  Assuming arguendo that Defendants are entitled to attorneys' fees, Pung Plaintiffs assert that under HRS § 607-14 they would only be entitled to twenty-five percent of the amount sued for by Plaintiffs.

The issue before the Court is whether Plaintiffs' claims are "in the nature of assumpsit" thereby allowing Defendants to recover its attorneys'

fees pursuant to HRS § 607-14.  In Plaintiffs' Complaint, Plaintiffs sought the following relief: (1) reimbursement of an alleged rent over-payment pursuant to HRS § 486H-11 and (2) reimbursement of the same rent over-payment on a theory of unjust enrichment.  In particular, Plaintiffs asserted that the leases that they entered into with Defendants were in violation of HRS § 486H-11.  Plaintiffs sought $117,000 in monetary damages.

Pursuant to HRS § 607-14, the Court may order the losing party to pay reasonable attorneys' fees in actions in the nature of assumpsit "provided that this amount shall not exceed twenty-five percent of the judgment." HRS § 607-14.  The fees shall be assessed "on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment." Id.

In Hawaii, it is well-settled that an action in the nature of assumpsit includes all possible contract

claims. See Kona Enterprises, Inc. v. Estate of Bernice Pauahi Bishop, 229 F.3d 877, 884 (9th Cir. 2000)(citations and internal quotations omitted).  More specifically, "[a]ssumpsit is a common law form of action which allows for the recovery of damages for the non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." Schulz v. Honsador, Inc., 690 P.2d 279, 281 (Haw. 1984).

In cases involving both assumpsit and non-assumpsit claims, "a court must base its award of fees, if practicable, on an apportionment of the fees claimed between assumpsit and non-assumpsit claims." TSA Intern., 990 P.2d at 734 (citation omitted).  However, in some cases it may be impracticable or impossible to apportion fees.  See, e.g., Blair v. Ing, 31 P.3d 184, 190 (Haw. 2001)("[b]ecause the negligence claim in this case was derived from the alleged implied contract and was inextricably linked to the implied contract claim by virtue of the malpractice suit, we hold that it is

8

impracticable, if not impossible, to apportion the fees between the assumpsit and non-assumpsit claims").

In Judge Ezra's Order Granting Defendants' Motion for Summary Judgment filed on November 2, 2006 ("Judge Ezra's Order"), he found as a matter of law that no lease renewal occurred as set forth in Section 486H-10.4. Judge Ezra's Order at 15. After finding that no lease renewal occurred, Judge Ezra concluded that there was no violation of HRS 486H-10.4. Id. at 16. Based on the allegations contained in Plaintiffs' Complaint and Judge Ezra's Order, the Court finds that Plaintiffs' Complaint contains both contractual and statutory claims that are inextricably linked to one another. For example, HRS § 486H-10.4 in effect limits what parties can contract to insofar as it sets forth limits for lease rents payable.[1] Thus, the Court finds that the existence of a lease or contract would be a

---

[1] HRS § 486H-10.4(c)(2) provides in pertinent part that "[u]pon renewal, the lease rent payable shall not exceed fifteen percent of the gross sales, except for gasoline, which shall not exceed fifteen percent of the gross profit of the product..."

9

prerequisite to bringing a claim pursuant to HRS 486H-10.4.

Therefore, while Plaintiffs' Complaint may involve allegations of both statutory and contractual violations, given the inseparable nature of these claims in this case, the Court finds that Plaintiffs' claims are "in the nature of assumpsit" for purposes of HRS § 607-14.  Similar to Blair, 31 P.3d at 190, the Court finds that apportionment of fees in this case would be impracticable if not impossible.  Accordingly, pursuant to HRS § 607-14, the Court FINDS and RECOMMENDS that Defendants be awarded $29,250.00, which is twenty-five percent of the $117,000 in monetary damages sought by Plaintiffs and the maximum amount of fees authorized by HRS § 607-14.  After reviewing the Declaration of David J. Minkin and the time entries submitted by counsel, and considering the complexity of the issues presented in this case, the Court finds that the hourly rate charged and the hours expended to be reasonable.  Therefore, the Court finds that awarding

the maximum amount of fees authorized by HRS § 607-14 is justified in this case.

## Conclusion

For all of the aforementioned reasons, the Court FINDS and RECOMMENDS that Defendants' Motion be GRANTED and Defendant be awarded $29,250.00 in attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, February 23, 2007.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 05-00618 DAE-KSC.  ANDREW PUNG, et al. v. TRUSTSTREET PROPERTIES, INC., et al.; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR ATTORNEYS' FEES