IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ANDREW PUNG; ANDY'S CAR CARE SERVICE, INC.; RICKY Y. YAMASAKI ENTERPRISES, INC.; on their own behalf and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>     vs.<br><br>TRUSTSTREET PROPERTIES, INC., a Maryland corporation; FUEL SUPPLY, INC., a Texas corporation; USRP (SARAH), LLC; USRP (BOB), LLC; USRP (FRED), LLC; all Texas liability companies; CNL APF PARTNERS, L.P,, a Delaware limited partnership; USRP MANAGING, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY COMPANIES 1-10; DOE GOVERNMENTAL UNITS 1-10; and DOE ENTITIES 1-10,<br><br>              Defendants.<br>_____ | CV. NO. 05-00618 DAE-KSC |

## ORDER MODIFYING IN PART AND ADOPTING IN PART THE FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Plaintiffs Andrew Pung's and Andy's Car Care Service, Inc.'s (collectively, "Plaintiffs") Objection to the Findings and Recommendation to Grant Defendants' Motion for Attorneys' Fees ("Objection") and the supporting and opposing memoranda, the Court MODIFIES IN PART AND ADOPTS IN PART the Magistrate Judge's Findings and Recommendation.

### BACKGROUND

This case arises from a landlord-tenant dispute regarding the statutory limit on rents charged for gasoline service station properties codified at Hawaii Revised Statutes ("HRS") § 486H-10.4. Plaintiffs alleged that the rents required under their leases exceeded the statutory maximum. (Order Granting Defs.'Mtn. for Sum. J., Oct. 31, 2006, at 5.) Plaintiffs claimed that they paid at least $117,000.00 in excess rent between August 2001 and May 2004. (Id.)

On October 31, 2006, the Court granted Defendants' Motion for Summary Judgment, concluding that because no "renewal" of the contested leases occurred, HRS § 486H-10.4 was inapplicable. (Id. at 15.) The Court also rejected

Plaintiffs' unjust enrichment claims, determining that Defendants could not have been unjustly enriched if the rents paid were not in violation of HRS § 486H-10.4. (Id. at 16.)

On November 17, 2006, Defendants, as the prevailing party, filed a Motion for Award of Attorneys' Fees ("Motion"), requesting a total award of $38,175.68, authorized under HRS § 607-14. (Motion at 2, 5.) On November 28, 2006, Plaintiffs filed their opposition. On December 8, 2006, Defendants filed their reply. (Id. at 3.) On February 23, 2007, Magistrate Judge Kevin S.C. Chang ("Magistrate Judge") issued his Findings and Recommendation to Grant Defendants' Motion for Attorneys' Fees ("Attorneys' Fees F&R"). The Magistrate Judge found that "Plaintiffs' Complaint contains both contractual and statutory claims that are inextricably linked to one another." (Attorneys' Fees F&R at 9.) Given the inextricable connection between the contractual and statutory claims, the Magistrate Judge found that Plaintiffs' action was "in the nature of assumpsit" under HRS § 607-14. (Id. at 10.) The Magistrate Judge recommended that "Defendants be awarded $29,250.00, which is twenty-five percent of the $117,000 in monetary damages sought by Plaintiffs and the maximum amount of fees authorized by HRS § 607-14." (Id.)

On March 2, 2007, Plaintiffs filed their Objection. On March 8, 2007, Defendants filed their Memorandum in Support of Findings and Recommendation to Grant Defendants' Motion for Attorneys' Fees ("Defendants' Memo").

STANDARD OF REVIEW

Any party may serve and file written objections to proposed findings and recommendations. See 28 U.S.C. § 636(b). Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's dispositive order, findings, or recommendations, the district court must make a de novo determination. A de novo review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered." U.S. Pac. Builders v. Mitsui Trust & Banking Co., 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.' The judge may also receive further evidence or recommit the matter to the magistrate with instructions." McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); LR 74.2.

## DISCUSSION

Plaintiffs object to the Magistrate Judge's finding that their Complaint contained both statutory and contractual claims. (Objection at 2.) Plaintiffs assert that they advanced only a statutory claim and an unjust enrichment claim. Defendants argue that Plaintiffs' claims arise from contracts between the parties, and, alternatively, that under Hawai`i law, unjust enrichment actions are in the nature of assumpsit, such that a prevailing party may recover attorneys' fees under HRS § 607-14. (Defs.' Memo at 3, 5.)

### A. Statutory Claim Was Not in Nature of Assumpsit

Plaintiffs assert that the Magistrate Judge erred by finding that there was a contractual claim, reasoning that the statutory claim could not exist without a contract and, thus, that claim was "inextricably linked" to a contract claim. (Objection at 2-3.) For such a contract claim to exist, Plaintiffs contend that they would have had to assert breach of contract. (Id. at 3.) In sum, Plaintiffs' argue: "Assumpsit is a claim based upon non-performance of a contract. Plaintiff's [sic] claim here is based upon a violation of a statute at the time the contract was formed. Plaintiffs' claim is not an assumpsit claim." (Id. at 4.) Defendants respond that the statutory "causes of action in Plaintiffs' Complaint necessarily rest

on contractual lease agreements" because their claims are based on the rental rate set in the subleases. (Defs.' Memo. at 3)

The Supreme Court of Hawai`i recently ruled that for a claim to be in the nature of assumpsit, "the plaintiff's primary objective must be to obtain monetary relief for breach of the contract." Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 151 P.3d 732, 761 (Haw. 2007). Assumpsit is defined as "'a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations.'" Blair v. Ing, 31 P.3d 184, 189 (Haw. 2001) (quoting Schulz v. Honsador, 690 P.2d 279, 281 (Haw. 1984)) (emphasis added); see also, TSA Int'l, Ltd. v. Shimizu Corp., 990 P.2d 713, 734 (Haw. 1999) ("The mere fact that TSA's claims relate to a contract between the parties does not render a dispute between the parties an assumpsit action.") In this case, Plaintiffs did not seek damages arising out of an alleged breach of contract. There is no dispute that both parties to the contract performed fully until the contract terminated by its own terms. Rather, Plaintiffs raised a statutory claim that the underlying contract was illegal in that it required them to pay more than the statutorily established maximum rent. In light of the Supreme Court of Hawai`i's interpretation of

"assumpsit," the Court finds that Plaintiffs' statutory claim was not a contractual claim for purposes of HRS § 607-14.

### B. Unjust Enrichment Claim Was in the Nature of Assumpsit

Notwithstanding that Plaintiffs' statutory claim was not in the nature of assumpsit, Plaintiffs' unjust enrichment claim was in the nature of assumpsit. The Hawai`i Intermediate Court of Appeals explained,

> From its inception as a form of action for breach of simple contract, assumpsit also evolved as a vehicle for recovery in quasi contract, basically to deprive the defendant of an unjust enrichment. Indeed, assumpsit will lie upon a promise implied by law, which arises to prevent one man from being inequitably enriched at another's expense.

Hong v. Kong, 683 P.2d 833, 841 (Haw. Ct. App. 1984) (holding "that an action for rescission of an agreement and for restitution of monies paid on account of the agreement is an action in the nature of assumpsit within the meaning of HRS § 607-14") (internal citations and quotation marks omitted). Other jurisdictions agree. See, e.g., Amoco Production Co. v. Smith, 946 S.W.2d 162, 164 (Tex. App. 1997) ("The law of restitution for unjust enrichment developed from the form of action known as assumpsit."); F.H. Prince & Co., Inc. v. Towers Fin. Corp., 656 N.E.2d 142, 151 (Ill. App. Ct. 1995) ("The doctrine of unjust enrichment underlies a number of legal and equitable actions and remedies including the legal action of

assumpsit and restitution."); Morris v. Peterson, 239 S.E.2d 727, 729 (S.C. 1977) (finding that an action to recover costs associated with reselling a mortgaged property to avoid foreclosure was an action "in the nature of assumpsit, based on the principal of unjust enrichment"); Lambertson v. Cincinnati Welding Corp., 257 N.W.2d 679, 685 (Minn. 1977) ("The principles of restitution are derived from the old common-law actions of general assumpsit and those which we now call quasi-contract and from the equitable principles of unjust enrichment.") (citation omitted).  Based on the foregoing, the unjust enrichment claim was in the nature of assumpsit for the purposes of HRS § 607-14.

      C. Severability of Assumpsit and Non-Assumpsit Claims

    When awarding attorneys' fees under HRS § 607-14, courts are required to determine what portion of the fees relate to assumpsit and non-assumpsit claims.  Blair, 31 P.3d at 189.  Such apportionment must be undertaken only where practicable, however.  See id.  The Magistrate Judge did not make such an apportionment because he found that the contractual and statutory claims were "inextricably linked," thus all of the claims were in the nature of assumpsit.  (Attorneys' Fees F&R at 9-10.)

    In Blair, the Supreme Court of Hawai`i found it impracticable to apportion fees.  See 31 P.3d at 190.  In that case, plaintiffs sued an accountant as

intended third-party beneficiaries to an agreement between their mother and the accountant for breach of implied contract and negligence based on the accountant's preparation of estate tax returns. See id. at 185. After examining the nature and the relationship of the claims, the court concluded: "Because the negligence claim in this case was derived from the alleged implied contract and was inextricably linked to the implied contract claim by virtue of the malpractice suit, we hold that it is impracticable, if not impossible, to apportion the fees between the assumpsit and non-assumpsit claims." Id. at 190. Consequently, the Supreme Court of Hawai`i concluded that, because the accountant prevailed and the action was in the nature of assumpsit, the accountant was entitled to reasonable attorneys' fees. See id. The same can be said here. Plaintiffs' unjust enrichment claim, i.e., the assumpsit claim, derives from the statutory claim that the amount of rent paid under the leases exceeded the statutory maximum, i.e., the non-assumpsit claim. Thus, the two claims are inextricably linked by their reliance on the existence and enforceability of HRS § 486H-10.4 setting the maximum amount of rent allowed. Without a violation of that statute, Plaintiffs would not have been able to maintain an unjust enrichment claim. Thus, the attorneys' fees award cannot be practicably apportioned between the two claims.

Accordingly, because Defendants were the prevailing party, the unjust enrichment claim was in the nature of assumpsit, and the assumpsit and the non-assumpsit claims cannot be practically apportioned, the Court accepts the Magistrate Judge's award of attorneys' fees in the amount of $29,250.00.

## CONCLUSION

For the reasons stated above, the Court MODIFIES the Findings and Recommendation to Grant Defendant's Motion for Attorneys' Fees to reflect that the statutory claim was not in the nature of assumpsit, but that the unjust enrichment claim was in the nature of assumpsit. As the two claims are inextricably linked, the Court ADOPTS the Magistrate Judge's recommended award of $29,250.00 in attorneys' fees.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 3, 2007.



_____
David Alan Ezra
United States District Judge

Andrew Pung, et al. vs. Truststreet Properties, Inc., et al., Civil No. 05-00618 DAE-KSC; ORDER MODIFYING IN PART AND ADOPTING IN PART THE FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR ATTORNEYS' FEES